UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| FEDERAL EXPRESS CORPORATION, )<br>a Tennessee corporation, )<br> )<br>    Plaintiff, )<br> )<br>vs. )<br> )<br>IVETTE M. WEDDLE a/k/a EVIE WEDDLE )<br>f/k/a IVETTE FERNANDEZ and IVETTE )<br>GONZALEZ; ROY W. WEDDLE; QUALITY )<br>FULFILLMENT AND DISTRIBUTION INC., )<br>an inactive Florida corporation; THE BIG )<br>BRAIN COMPANY, a Florida corporation d/b/a)<br>AA COMMUNICATION; THE MUSE AND )<br>COMPANY, LLC, a Florida limited liability )<br>company; DIVA ROSES, INC., a Florida )<br>corporation; QUALITIY BILINGUAL CALL )<br>CENTER, INC., a Florida corporation; )<br>Q-LOGISTIX, LLC, a Florida limited liability )<br>company; PEDRO P. GARCIA; TAMMY M. )<br>GARCIA; ACUTE SOURCE, INC., a Florida )<br>corporation d/b/a MEDSURGUSA.COM and )<br>ACUTESOURCE.COM; BEETLE BUGS, INC., )<br>a Florida corporation; BEETLE BUGS SALES, )<br>INC., a Florida corporation d/b/a MURALS )<br>FOR KIDS; and TAMMY GARCIA LLC; )<br> )<br>    Defendants. ) | No. 13-02749-STA-tmp |

**ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

Before the Court are Defendants Ivette M. Weddle, Roy W. Weddle, Quality Fulfillment and Distribution, Inc., The Big Brain Company, The Muse and Company, LLC, Diva Roses, Inc., Quality Bilingual Call Center, Inc., and Q-Logistix, LLC's ("Defendants A") Motion to Dismiss filed on November 7, 2013 (D.E. # 20); and Defendants' Pedro P. Garcia, Tammy M.

1

Garcia, Acute Source, Inc., Beetle Bugs, Inc., Beetle Bugs Sales, Inc., and Tammy Garcia LLC's("Defendants B") Motion to Dismiss filed on November 26, 2013 (D.E. # 37). Plaintiff Federal Express Corporation (FedEx) filed a consolidated response in opposition on December 24, 2013 (D.E. # 48). Defendants A filed a reply brief on January 7, 2014 (D.E. # 53), and Defendants B filed a reply brief on January 17, 2014 (D.E. # 56).[1] For the reasons set forth below, Defendants' Motions to Dismiss are **DENIED**.

## BACKGROUND

Plaintiff filed a Complaint on September 26, 2013 (D.E. # 1), asserting claims of intentional misrepresentation, negligent misrepresentation, unjust enrichment, tortious interference, and breach of duty of loyalty. (Compl. ¶ 55–81.) The Complaint alleges the following well-pleaded facts. At one time, Defendant Quality Fulfillment and Distribution, Inc. ("Quality") and/or AA Distribution Co. shipped training packages for American Airlines.[2] (*Id*. ¶ 34.) Because American Airlines is a longtime FedEx customer, it receives a "deeply discounted shipping rate." (*Id*. ¶ 26.) American Airlines provided Quality with its FedEx account number in order to ship the training packages at the discounted rate.[3] (*Id*. ¶ 34.) However, Quality used

---

[1] Plaintiff also Motion for Leave to File a Sur-Reply (D.E. # 54), and all Defendants filed a Motion to Stay (D.E. # 62). Because the Court is denying Defendants' separate Motions to Dismiss, Plaintiff's Motion for Leave to File a Sur-reply and Defendants's Motion for Stay are **DENIED** as moot.

[2] Plaintiff's Complaint is unclear as to when these shipments took place. AA Distribution Co. dissolved on January 22, 2007 and is not a party to this action. (Compl. ¶ 37.) Plaintiff frequently refers to Quality Fulfillment/AA Distribution Co. together throughout its complaint. For purposes of clarity, any further reference to AA Distribution Co. will be omitted from this Order.

[3] The complaint alleges American Airlines has a five-digit national account number, as well as several nine-digit account numbers for its departments and subsidiaries. (Compl. ¶ 26.) American Airlines provided Quality an account number for its AA Distribution account. (*Id*. ¶¶ 27, 34–35.)

2

American Airlines' account number to ship packages for customers other than American Airlines. (*Id.* ¶ 35.)

Defendant Pedro P. Garcia was the FedEx sales account executive for Quality's FedEx account. (*Id.* ¶ 33.) Defendant Ivette M. Weddle was a former FedEx account executive and was an Officer/Director of Quality. (*Id*. ¶¶ 11, 25, 29.) The Complaint alleges that Ivette Weddle partnered with Pedro Garcia to continue to use the American Airlines' discounted shipping rate for Quality's other customers without authorization from American Airlines. (*Id.* ¶ 35.) Pedro Garcia monitored the account and allowed Quality to ship for other customers using American Airlines' discounted rate. (*Id.* ¶ 36.) On February 23, 2007, the American Airlines sub-account used by Quality was de-linked from American Airlines' main account. (*Id.* ¶ 37.) But the account remained in FedEx's system and retained the discounted shipping rate. (*Id.* ¶ 39.)

On March 13, 2007, Defendant Big Brain Company began doing business as AA Communication.[4] (*Id.* ¶ 38.) Ivette Weddle is an Officer/Director of Big Brain Company/AA Communication ("AA Communication"). (*Id.* ¶ 11.) Pedro Garcia created a link from AA Communication's FedEx account to the discounted American Airlines sub-account, allowing AA Communication to ship using the discounted rate. (*Id.* ¶ 40.) Pedro Garcia also created an alternative billing address on the American Airlines account so invoices would be mailed to Quality/AA Communication. (*Id.*) The shipping labels AA Communication used listed their own phone number instead of FedEx's, allegedly, so no customer would call FedEx and possibly tip off the scheme. (*Id.*) In 2007, AA Communication's account started "coming up on FedEx's internal system" to transition to a new shipping rate. (*Id.* ¶ 43.) Pedro Garcia put in exceptions

---

[4] Ivette Weddle's ex-husband, Jesse Fernandez, filed a name registration as an Officer/Director of Big Brain Company. (Compl. ¶ 38.) The name registration expired on December 31, 2012. (*Id.* ¶ 44.) Jesse Fernandez is deceased and is not a party to this action. (*Id.* ¶ 31.)

3

to allow Quality and AA Communication to continue to ship using the discounted rate. (*Id.*) In exchange for his role in the conspiracy, Ivette Weddle and her husband, Roy Weddle, paid Pedro Garcia and/or his wife, Tammy Garcia, $20,000 per month. (*Id.* ¶ 52.) The payments were made to Tammy Garcia and/or the Garcias' companies: Acute Source, Inc.; Beetle Bugs, Inc.; Beetle Bugs Sales, Inc.; and Tammy Garcia, LLC. (*Id.*)

During an internal FedEx Investigation, Pedro Garcia admitted that Quality and AA Communication were not entitled to use the discounted shipping rate once they stopped doing business with American Airlines. (*Id.* ¶ 45.) Plaintiff alleges that the scheme allowed the Weddles and their companies to obtain discounted shipping rates that were only available to American Airlines and not to other companies shipping the same volume as the Weddles' companies. (*Id.* ¶ 46.) Plaintiff alleges that as a result of the fraudulently obtained discounted shipping rates, the Weddles' companies created a monopoly, drove out competitors, and prevented others from entering the market place. (*Id.*) Plaintiff further alleges that most of the Weddles' customers attempted to ship with FedEx but would not because of the discounted rates available via the Weddles. (*Id.* ¶ 47.) At all times, Ivette and Roy Weddle exercised complete dominion and control over their companies, Defendants Quality Fulfillment and Distribution, Inc., The Big Brain Company, The Muse and Company, LLC, Diva Roses, Inc., Quality Bilingual Call Center, Inc., and Q-Logistix, LLC. (*Id.* ¶ 51.) They used their corporate control to "commit fraud and/or hide assets." (*Id.*) Plaintiff claims the scheme deprived FedEx of at least $7,799,917.25 in revenue on 765,836 shipments. (*Id.* ¶ 50.)

**I. Defendants' A Motion to Dismiss (D.E. # 20)**

In their Motion to Dismiss, Defendants A argue Plaintiff has failed to state a claim against them upon which relief can be granted. Defendants A first argue that Plaintiff's claims

are time-barred based on the three-year statute of limitations set forth in TENN. CODE ANN. § 28-3-105. Defendants A argue that as early as 2007, Plaintiff was aware that the FedEx account in question was no longer associated with American Airlines. Defendants A assert that because the account was de-linked from American Airlines' main account and the account started "coming up in FedEx's internal system," all of the alleged facts upon which Plaintiff relies have been continuously available and known to Plaintiff since 2007. Defendants A have attached to their Motion a chain of e-mail messages between FedEx employees in September 2010 as evidence of FedEx's knowledge.

Defendants A further argue that Plaintiff's Complaint contains none of the required elements of intentional or negligent misrepresentation. Specifically, Defendants A argue there is no indication of a false statement by the Defendants. Even if Plaintiff was to amend its Complaint to allege false statements, Plaintiff could not have justifiably relied on the statements because FedEx's internal system notified it of the actual facts of the account at issue as early as 2007. Defendants A also argue that Plaintiff fails to allege a plausible claim that they were unjustly enriched, because Fed Ex granted exceptions to allow Defendants to continue to receive the discounted shipping rate. Finally, Defendants A argue Plaintiff failed to state any cause of action against The Muse and Company LLC, Diva Roses, Inc., Quality Bilingual Call Center, Inc., and Q-Logistix, LLC. Defendants A assert the only reference to these Defendants is in paragraph five of the Complaint which asserts that Q-Logistix was created to continue Quality's business and hide its assets"[5] and that The Muse and Company, LLC; Diva Roses, Inc.; Quality

---

[5] Quality dissolved on July 31, 2013. (Compl. ¶ 5.) Roy Weddle founded Quality Fulfillment Services, LLC on June 21, 2013, and changed its name to Q-Logistix, LLC on July 26, 2013. (*Id.*)

5

Bilingual Call Center, Inc. are believed to be used to further the fraudulent activities. Therefore, Defendants A argue the Court should dismiss all claims against them.

**II. Defendants' B Motion to Dismiss (D.E. 37)**

Defendants B adopt the arguments made in support of the Motion to Dismiss filed by Defendants A. In addition, Defendants B move for a more definite statement. Defendants B assert that Plaintiff makes five claims against fifteen Defendants but does not specify which claims relate to which Defendants. Defendants B also argue Plaintiff's Complaint should be dismissed for failure to plead fraud with specificity pursuant to Federal Rule of Civil Procedure 9(b). Defendants B argue the statements Plaintiff plead as fraud do not clarify who made the statements or when they were made. Defendants B also argue the Plaintiff has failed to meet the statute of limitations for the tortious interference and breach of duty of loyalty claims. They argue that when the accounts at issue came up for review via FedEx's internal system in 2007, FedEx was on notice and had the opportunity to review Pedro Garcia's exceptions. They argue Plaintiff must "take some responsibility" for granting the exceptions. Therefore, Defendants B argue the Court should dismiss all claims against them.

**III. Plaintiff's Response (D.E. # 48)**

Plaintiff asserts both Motions to Dismiss should be denied because Defendants' rely on documents outside the pleadings.[6] In the alternative, Plaintiff argues if the Court considers the attached materials, Defendants' Motions to Dismiss should be treated as motions for summary judgment. If the Court elects to treat the Motions to Dismiss as motions for summary judgment, Plaintiff requests a "reasonable opportunity to present all materials pertinent to the motion."

---

[6] Plaintiff clarifies that Defendants A attached a chain of email messages, and Defendants B adopted all arguments of Defendants A.

On the merits Plaintiff asserts that Defendants' arguments are based on a false assumption. Plaintiff argues it had no knowledge of improper shipping on the American Airlines' account when it was de-linked in 2007. Plaintiff claims it was unaware of the nature of the fraud being perpetrated until 2012. Defendants' argument that Plaintiff "granted exceptions" for a new pricing agreement on the account ignores the Complaint's allegation that Pedro Garcia's involvement in the scheme allowed Defendants to continue shipping at a discounted rate. Pedro Garcia's admission that Defendants A were not entitled to the discounted shipping rate and that he "purposely, and in direct violation of FedEx's regulations, did not attempt to transition the account because he did not want to lose the business," shows an active cover-up. Plaintiff argues as a result of this cover-up, it did not learn of the unlawful conduct until approximately August 11, 2012, which is within the three-year statute of limitations. Furthermore, Plaintiff argues that, at the very least, each shipment made on the fraudulent account is a new injury, triggering a new statute of limitations.

Plaintiff argues it has sufficiently pled facts to sustain a cause of action for intentional and negligent misrepresentation. Plaintiff argues that by shipping packages under American Airlines' FedEx account, Defendants A falsely represented the account number and discounted shipping rate belonged to them. Plaintiff argues Defendants knew these representations were false when made and that Plaintiff was not aware of the false representations until 2012. Similarly, Plaintiff asserts it has complied with Fed. R. Civ. P. 9(b) by pleading fraud with particularity. Plaintiff also argues it has pled adequate facts to support a claim of unjust enrichment.

As for the corporate entities, Plaintiff states it has sufficiently stated a cause of action against The Muse and Company LLC, Diva Roses, Inc., Quality Bilingual Call Center, Inc., and

Q-Logistix, LLC. Plaintiff claims these companies are under the control and direction of Ivette or Roy Weddle. Defendant Quality Fulfillment and Distribution, Inc. was the primary company perpetrating the fraudulent shipping. Plaintiff believes these companies were used to hide assets. Thus, Plaintiff argues both Motions to Dismiss should be denied. Finally, Plaintiff argues each count in the Complaint refers to specific individuals and/or companies. Therefore, Defendants' B alternative Motion for a More Definite Statement should be denied.

## IV. Defendants' Replies

Defendants A reiterate their arguments that Plaintiff fails to allege fraudulent misrepresentations of material facts on which they relied to grant exceptions or that any Defendant engaged in fraudulent conduct that prevented FedEx from discovering such misrepresentations. Defendants A also argue Plaintiff failed to address their argument for dismissal of the tortious interference claim. Defendants B argue that shipments are not statements or misrepresentations that constitute fraud. Plaintiff fails to attach to the Complaint "even one order" constituting the alleged misrepresentation. Defendants B asserts that Plaintiff "performed their analysis, repeatedly, and granted the exception[s]" entered by Pedro Garcia. Therefore, Defendants B argue there was no fraud. Accordingly, the Court should dismiss all claims against Defendants B, or in the alternative, order Plaintiff to re-plead with specificity.

## **STANDARD OF REVIEW**

A defendant may move to dismiss a claim "for failure to state a claim upon which relief can be granted" under Federal Rule of Civil Procedure 12(b)(6). When considering a Rule 12(b)(6) motion, the Court must treat all of the well-pled allegations of the complaint as true and

construe all of the allegations in the light most favorable to the non-moving party.[7] However, legal conclusions or unwarranted factual inferences need not be accepted as true.[8] "To avoid dismissal under Rule 12(b)(6), a complaint must contain either direct or inferential allegations with respect to all material elements of the claim."[9]

Under Rule 8 of the Federal Rules of Civil Procedure, a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[10] Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action."[11] In order to survive a motion to dismiss, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face."[12] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[13]

## **ANALYSIS**

---

[7] *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Saylor v. Parker Seal Co.*, 975 F.2d 252, 254 (6th Cir. 1992).

[8] *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

[9] *Wittstock v. Mark a Van Sile, Inc.*, 330 F.3d 899, 902 (6th Cir. 2003).

[10] Fed. R. Civ. P. 8(a)(2).

[11] *Ashcroft v. Iqbal,* 556 U.S. 662, 681 (2009); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). *See also Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009).

[12] *Twombly*, 550 U.S. at 555, 570.

[13] *Iqbal,* 556 U.S. at 678.

Defendants argue that Plaintiff has failed to state a claim because its claims are time barred, the Complaint fails to plead the requisite elements of each claim, and the pleadings failed to allege causes of action against certain Defendants. For the reasons set forth below, the Court finds Defendants' arguments to be without merit. Therefore, the Court **DENIES** Defendants' Motions to Dismiss.

**I. Exhibit to the Motion to Dismiss**

As an initial matter, Defendants A have attached an exhibit, a chain of email-messages between FedEx employees, to their Motion to Dismiss. Defendants B have incorporated Defendants'A arguments by reference.

Rule 12(d) of the Federal Rules of Civil Procedure provides that:

> If, on a motion under rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[14]

The Court retains the discretion to consider or exclude such extrinsic evidence presented with a Rule 12(b) motion.[15] The purpose of Defendants' Rule 12(b)(6) Motions is to test the sufficiency and plausibility of Plaintiff's pleadings. Because the emails are not referenced in the pleadings, the Court declines to consider the exhibit presented with Defendants' Motions to Dismiss.

---

[14] Fed. R. Civ. P. 12(d); *see also Jones v. City of Cincinnati*, 521 F.3d 555, 561-62 (6th Cir. 2008).

[15] *Jones*, 521 F.3d at 561. *See also Pueschel v. United States*, 369 F.3d 345, 353 n.3 (4th Cir. 2004); *Stahl v. United States Dep't of Agric.*, 327 F.3d 697, 701 (8th Cir. 2003).

## II. Choice of Law

Before reaching the merits of the pleadings, the Court notes that there is some question about which state's substantive law should apply. A federal court sitting in diversity applies the law of the forum state, including the forum's choice-of-law rules.[16] The parties have briefed Tennessee law, though the acts at issue apparently occurred in Florida and it appears the individual Defendants are citizens of Florida. No party has engaged in a choice-of-law analysis to demonstrate that the substantive law of Tennessee should govern this dispute. However, because the parties have briefed Tennessee law, the Court assumes for purposes of the Rule 12(b)(6) Motions that Tennessee law should apply.

## III. Statute of Limitations

In their first argument for dismissal, Defendants A argue that Plaintiff's claims of intentional misrepresentation, negligent misrepresentation, and unjust enrichment are time barred. Defendants B adopt these arguments and argue Plaintiff's claim for breach of the duty of loyalty is also time barred. Tennessee's statute of limitations for actions alleging an injury to personal or real property and detention or conversion or personal property is three years.[17] "A cause of action accrues for either intentional or negligent misrepresentation when a plaintiff discovers, or in the exercise of reasonable care and diligence, should have discovered, his injury and the cause thereof."[18] "The statute is tolled . . . when the plaintiff [has] no actual knowledge

---

[16] *Montgomery v. Wyeth*, 580 F.3d 455, 459 (6th Cir. 2009).
[17] *See* TENN. CODE ANN. § 28-3-105(1)–(2) (2010). The same three-year statute of limitations applies to Plaintiff's claim for breach of fiduciary duty. *Cagle v. Hybner,* 2008 WL 2649643, at *13 (Tenn. Ct. App. July 3, 2008) ("The statute of limitations for a claim of breach of fiduciary duty is three years from the time the plaintiff discovered the alleged wrong."); *SunTrust Bank v. Stoner,* 2008 WL 4443281, at *3 (E.D. Tenn. Sept. 26, 2008) ("The gravamen of plaintiff's claim is a breach of a fiduciary duty. Under Tennessee law, the applicable statute of limitations is therefore three years").

of the wrong and, as a reasonable person, [would] not [be] placed on inquiry notice."[19] Inquiry notice occurs when a plaintiff has actual knowledge of "facts sufficient to put a reasonable person on notice that he or she has suffered an injury as a result of wrongful conduct."[20] A 12(b)(6) motion "is generally an inappropriate vehicle for dismissing a claim based upon the statute of limitation."[21] But "when the allegations in the complaint affirmatively show that the claim is time-barred," dismissal is appropriate.[22]

The Court holds that the allegations set forth in the Complaint do not show that these claims are time-barred, so dismissal of the claims at the pleadings stage is not required. Defendants argue all of the alleged facts forming the basis of all of FedEx's claims have been available since 2007. Defendants contend that because the account in question began "coming up on FedEx's internal system" in 2007 and FedEx granted the exceptions to allow the account to continue to ship at a discounted rate, FedEx has been "fully and continuously aware" of the facts and alleged injury since 2007. However, according to the Complaint, the only event occurring in 2007 was the de-linking of the American Airline sub-account. This single allegation does not "affirmatively show that the claim is time-barred."[23] The Complaint goes on to allege that Pedro Garcia intervened to allow continued shipping at the discounted rate as part

---

[18] *Ne. Knox Util. Dist. v. Stanfort Const Co.*, 206 S.W.3d 454, 459 (Tenn. Ct. App. 2006) (quoting *Med. Educ. Assistance Corp. v. State*, 19 S.W.3d 803, 817 (Tenn. Ct. App. 1999)).

[19] *City State Bank v. Dean Witter Reynolds, Inc.*, 948 S.W.2d 729, 735 (Tenn. Ct. App. 1996) (quotation omitted).

[20] *Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 459 (Tenn. 2012) (quoting *Carvell v. Bottoms*, 900 S.W.2d 23, 29 (Tenn. 1995)).

[21] *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012).

[22] *Id.*

[23] *Id.*

of "an active cover-up." In other words, Garcia's actions concealed the scheme and prevented Plaintiff from discovering the unlawful conduct. Plaintiff claims it was not aware of any improper shipping or other improper conduct until August 2012. Based strictly on the allegations of the Complaint, the Court holds that Plaintiff's claims are not time-barred. Therefore, the Court **DENIES** Defendants' Motion to Dismiss as to this issue.

**IV. Intentional and Negligent Misrepresentation**

Defendants next argue Plaintiff's Complaint contains none of the required elements of a cause of action for intentional or negligent misrepresentation. Under Tennessee law, a claim for intentional misrepresentation must be analyzed as a claim for fraud.[24] Therefore, it must be stated with particularity in accordance with Federal Rule of Civil Procedure 9(b).[25] A plaintiff must allege the time, place, and content of the misrepresentation; the defendant's fraudulent intent; the fraudulent scheme; and the resulting injury.[26] "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation."[27] To sustain a claim for intentional misrepresentation, a plaintiff must prove:

> (1) that the defendant made a representation of a present or past fact; (2) that the representation was false when it was made; (3) that the representation involved a material fact; (4) that the defendant either knew that the representation was false or did not believe it to be true or that the defendant made the representation recklessly without knowing whether it was true or false; (5) that the plaintiff

---

[24] *Power & Tele. Supply Co. v. SunTrust Banks, Inc.*, 447 F.3d 923, 931 (6th Cir. 2006).

[25] FED. R. CIV. P. 9(b).

[26] *Power & Tele. Supply Co.*, 447 F.3d at 931 (citing *Coffey v. Foamex, L.P.*, 2 F.3d 157, 161-62 (6th Cir. 1993)).

[27] *Coffey*, 2 F.3d at 162 (quotation omitted).

did not know the representation was false when made and was justified in relying on the truth of the representation; and (6) that the plaintiff sustained damages as a result of the representation.[28]

The Court holds that the Complaint states a plausible claim for intentional misrepresentation. Defendants first argue that there is no "false statement" alleged in this case. The Restatement (Second) of Torts defines a misrepresentation as "not only words spoken or written but also any other conduct that amounts to an assertion not in accordance with the truth."[29] Plaintiff has alleged misrepresentations by spoken and written means and conduct. Plaintiff alleges that Defendants represented their companies "were affiliated with deeply discounted shipper American Airlines" by allowing shipment at the discounted rate, changing the account billing address, linking Defendants' company accounts to the American Airlines account, and actually shipping the packages via the American Airlines account. Plaintiff alleges these representations were false, and Defendants Ivette and Roy Weddle and Pedro Garcia knew they were false; whereas, Plaintiff did not know the representations were false and was justified in relying on those representations. The Court concludes that these allegations plausibly allege a false representation of material fact.

Defendants next argue that even if Plaintiff was permitted to amend its Complaint to allege "false statements," FedEx could not have justifiably relied on the statements because FedEx's internal system "kept FedEx continuously informed of the actual facts of the account in question." The Court holds that the Complaint plausibly alleges reliance. Justifiable reliance is

---

[28] *Hodge v. Craig*, 382 S.W.3d 325, 343 (Tenn. 2012).

[29] *See* RESTATEMENT (SECOND) OF TORTS § 525 cmt. b.

an essential element of a claim for misrepresentation.[30] In determining whether a Plaintiff's reliance was reasonable relevant factors include:

> "(1) the plaintiff's business expertise and sophistication; (2) the existence of a longstanding business or personal relationship between the parties; (3) the availability of the relevant information; (4) the existence of a fiduciary relationship; (5) the concealment of fraud; (6) the opportunity to discover fraud; (7) which party initiated the transaction; and (8) the specificity of the misrepresentation."[31]

Whether a Plaintiff's reliance on a representation is reasonable is generally a question of fact.[32] Construing the allegations of the Complaint in the light most favorable to Plaintiff, FedEx has sufficiently established it was justified in relying on Defendants' representations. Plaintiff alleges the Weddles and Garcias orchestrated a scheme to receive a discounted shipping rate available only to American Airlines. Plaintiff is a relatively sophisticated corporation. The Weddles and their companies were in a business relationship with Plaintiff for some length of time, and Pedro Garcia was employed as a sales account executive for Plaintiff. Plaintiff has alleged that Pedro Garcia acted in the scope of his employment against Plaintiff's interests and was an integral part of the cover-up to conceal the alleged fraudulent activity. Defendants have also alleged each Defendant's involvement in the scheme. Based on these well-pleaded allegations, Plaintiff has stated a claim for intentional misrepresentation and complied with the heightened pleading standard of Federal Rule of Civil Procedure 9(b).[33]

---

[30] *McNeil v. Nofal*, 185 S.W.3d 402, 409 (Tenn. Ct. App. 2005).

[31] *Riddle v. Lowe's Home Ctrs., Inc.*, 802 F. Supp. 2d 900, 908 (M.D. Tenn. 2011) (quoting *Goodall v. Akers*, No. M2008-01608-COA-R3-CV, 2009 WL 528784, at *6 (Tenn. Ct. App. 2009)).

[32] *Davis v. McGuigan*, 325 S.W.3d 149, 158 (Tenn. 2010) (citation omitted).

[33] FED. R. CIV. P. 9(b).

Likewise, the Court concludes that the Complaint states a claim for negligent misrepresentation. Liability for negligent misrepresentation is more limited than liability for intentional misrepresentation.[34] Tennessee has adopted the approach of the Restatement (Second) of Torts § 552, which requires a plaintiff alleging negligent misrepresentation to prove the following:[35]

> (1) the defendant was acting, in the course of his business, profession, or employment, or in a transaction in which he has a pecuniary interest; (2) the defendant supplied faulty information meant to guide others in their business transaction; (3) the defendant failed to exercise reasonable care in obtaining or communicating the information; (4) the defendant justifiably relied on the information.[36]

In pleading negligent misrepresentation, Plaintiff alleges the Weddles and Pedro Garcia supplied false information to FedEx, purporting that "Sham companies" were affiliated with American Airlines by allowing shipments at the discounted rate, changing the account billing address, linking Defendant companies' accounts to the American Airlines account, and actually shipping the packages via the American Airlines account. Plaintiff alleges this information was false, that Defendants failed to exercise reasonable care or competence in obtaining or communicating the information, and that it was justified in relying on the information. For the same reasoning set forth in its analysis of Plaintiff's claim of intentional misrepresentation, the Court holds that Plaintiff has sufficiently pleaded a claim of negligent misrepresentation. Therefore, the Court

---

[34] *Hodge*, 382 S.W.3d at 344.

[35] *See id.*; *Bethlehem Steel Corp. v. Ernst & Whinney*, 822 S.W.2d 592, 595 (Tenn. 1991).

[36] *See* RESTATEMENT (SECOND) OF TORTS § 552; *see also John Martin Co. v. Morese/Diesel, Inc.* 819 S.W.2d 428, 431 (Tenn. 1991).

**DENIES** Defendants' Motions to Dismiss the negligent and intentional misrepresentation claims.

## V. Unjust Enrichment

Defendants next argue that the allegations in Plaintiff's Complaint "negate the theory that the discounted rates were an unjust benefit to any of the Defendants." The Court disagrees. "The elements of an unjust enrichment claim are (1) a benefit conferred upon the defendant by the plaintiff; (2) appreciation by the defendant of such benefit; and (3) acceptance of such benefit under such circumstances that it would be inequitable for him to retain the benefit without payment of the value thereof."[37] Plaintiff alleges it conferred a benefit on Defendants by providing discounted shipping services and that the Weddles and their companies utilized those services to obtain monetary benefit and passed along that benefit to Pedro Garcia, Tammy Garcia, and their companies. Plaintiff further alleges it would be inequitable for Defendants to retain a monetary benefit, to which they were not entitled. The Court holds that these fact allegations plausibly state the elements of an unjust enrichment claim. Therefore, the Court **DENIES** Defendants' Motions to Dismiss the unjust enrichment claim.

## VI. Causes of Action Against Certain Defendants

In their next argument for dismissal, Defendants contend that Plaintiff fails to allege causes of action against the business entity Defendants: The Muse and Company, LLC; Diva Roses, Inc.; Quality Bilingual Call Center, Inc.; and Q-Logistix, LLC. Defendants claim the only reference to these Defendants is found in Paragraph 5 of the Complaint. However, Paragraph 51 alleges that the Weddles used their companies to commit the alleged fraud and/or

---

[37] *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (quoting *Paschall's, Inc. v. Dozier*, 407 S.W.2d 150, 155 (Tenn. 1966)) (internal quotation marks omitted).

hide assets and Paragraphs 11 and 12 allege that either Ivette or Roy Weddle are Officers/Directors of each of the companies. At the pleadings stage, these allegations plausibly tie these business concerns to the conspiracy alleged. Therefore, the Court **DENIES** Defendants Motion to Dismiss on this issue.

**VII. Motion for a More Definite Statement**

Finally, Defendants B move for a more definite statement on the basis that the counts set forth in the Complaint do not identify which claims relate to which defendants. Under Rule 12(e), "a party may move for a more definite statement to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response."[38] Motions for a more definite statement should not be granted unless the complaint is "so excessively vague and ambiguous as to be unintelligible and as to prejudice the defendant seriously in attempting to answer it."[39] Each count of the Complaint attributes specific actions to specific Defendants. It cannot be said that the counts are so vague as to prejudice Defendants in answering the allegations. Therefore, the Court **DENIES** Defendants' B Motion for a More Definite Statement.

## CONCLUSION

The Court holds that the allegations in the Complaint do not affirmatively show that the claims are time-barred. As for the substantive counts, the Complaint has alleged plausible claims of intentional misrepresentation, negligent misrepresentation, and unjust enrichment. Plaintiff's allegations plausibly tie all Defendants to the alleged conspiracy, and the allegations of the

---

[38] FED. R. CIV. P 12(e).

[39] *E.E.O.C. v. FPM Group, Ltd.*, 657 F. Supp. 2d 957, 966 (E.D. Tenn. 2009) (citations omitted).

Complaint are not so vague that answering the allegations will prejudice Defendants. Therefore, Defendants' Motions to Dismiss are **DENIED** and Defendants' B Motion for a More Definite Statement is **DENIED.**

    **IT IS SO ORDERED.**

                                             s/ S. Thomas Anderson
                                               S. THOMAS ANDERSON
                                               UNITED STATES DISTRICT JUDGE

                                               Date: April 14, 2014.